IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANE DOE                                                                                          PLAINTIFF

VS.                                        CASE NO. 4:21-CV-00420-JM

CABOT, ARKANSAS SCHOOL DISTRICT;
STEVE ROBERTS, Individually and In His Official Capacity;
HENRY HAWKINS, Individually and In His Official Capacity;
DR. TONY THURMAN, Individually and In His Official Capacity;
D1 SPORTS TRAINING OF LITTLE ROCK, LLC;
JOHN BRADLEY RICH; and JOHN DOES 1-50                           DEFENDANTS

## ORDER

This action arises out of allegations of sexual assault committed on Plaintiff when she was a minor by John Bradley Rich, a volunteer coach for the girls' basketball team at Cabot High School. Pending are two motions to dismiss, one filed by Defendants Cabot School District and Athletic Director Steve Roberts, Principal Henry Hawkins, and Superintendent Tony Thurman ("the District Defendants") (Doc. No. 6) and one filed by Defendant John Bradley Rich (Doc. No. 10). Defendant DI Sports Training of Little Rock, LLC has joined the District Defendants' motion to dismiss. (Doc. No. 20). Plaintiff has responded, and the motions are ripe.

As against the District Defendants, Plaintiff has made claims of discrimination and hostile education environment pursuant to Title IX as well as federal and state civil rights violations. She claims assault, battery, negligence, and outrage against all Defendants. In both motions to dismiss, Defendants argue that the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants ask that Plaintiff be required to provide a more definite statement pursuant to Rule 12(e), including providing the identity of Jane Doe.

Defendants do not challenge the elements of the claims presented in the complaint at this point but rather argue that, as best they can tell, the facts alleged in the complaint show that all the asserted claims are barred by the one or three-year statute of limitations applicable to each respectively. "Where it appears from the face of the complaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)." *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980).

According to the complaint, Plaintiff was seventeen in the "summer of 2015" and would have been eighteen in the summer of 2016. Applying the tolling period for minors found at Ark. Code Ann. §16-56-116, Defendants argue that Plaintiff would have had three years from the time she turned eighteen to file her claims, meaning that the statute of limitations would have run on all of Plaintiff's claims no later than the summer of 2019. The complaint was filed on May 17, 2021.

Plaintiff, as Defendants anticipated, relies on Ark. Code Ann. §16-56-130(a) to argue that her claims are not barred by the statute of limitations. This statute states:

> (a) Notwithstanding any other statute of limitations or any other provision of law that can be construed to reduce the statutory period set forth in this section, any civil action based on sexual abuse which occurred when the injured person was a minor but is not discovered until after the injured person reaches the age of majority shall be brought within three (3) years from the time of discovery of the sexual abuse by the injured party.

"Time of discovery" is defined as "when the injured party discovers the effect of the injury or condition attributable to the childhood sexual abuse." §16-56-130(c).

Plaintiff alleges the following in her complaint. Rich began working as a strength and conditioning coach for the girls' basketball team in 2015. He often made "inappropriate comments and gestures," including spotting them directly from behind while they were squatting weights by wrapping his arms around their waists and not wearing underwear which would

2

sometimes cause his genitals to be exposed.  Rich offered to buy her alcohol during one gym session, and she drove to his house late one evening to pick it up after he messaged her to say that he had bought it.  About the sexual assault, Plaintiff states that she responded to Rich's message to meet him on a private driveway that led to a vacant field.  There, Rich gave her alcohol and, after she had several drinks, he sexually assaulted her.  Plaintiff states that "[a]fter the assault, Plaintiff drove home and told no one.  She was too ashamed and embarrassed to say anything."

The complaint further alleges that "soon" after he sexually assaulted her, Rich was banned from the school campus after it was discovered that he had sent sexually explicit text messages to another student.  No further investigation into Rich's conduct was done at that time.  "[T]wo years later" he had been allowed back on campus multiple times.  Plaintiff alleges that her father learned of the sexual assault in 2019[1], and it was only then that a formal investigation was conducted by the Cabot Police Department.  Plaintiff states that "[b]y 2019, [she] had turned twenty and was beginning to discover the effects of the sexual assault.  She began therapy and is currently attempting to cope with the emotional trauma she has been forced to endure."  Plaintiff makes the statement that she did not discover the effects of her sexual abuse "until the summer of 2019, when Rich was investigated and charged by the Cabot Police Department with child maltreatment."

Defendants argue that Plaintiff clearly knew of her assault in the summer of 2015 and knew the effects of it at that time because she stated that she was "too ashamed and embarrassed to say anything."  Therefore, they argue that Ark. Code Ann. §16-56-130(a), which applies when

---

[1] In her response to the motions to dismiss, Plaintiff explains that after she began to discover the effects of the sexual assault, she told her father what had happened and then began therapy.

3

the assault occurs when a plaintiff is a minor but the effects of it are not discovered until a plaintiff reaches the age of majority, does not apply because she knew the effects while she was still a minor. The Court finds that Plaintiff has sufficiently alleged that while she was able to articulate how she felt immediately following the sexual assault, she did not discover "the effect of the injury or condition attributable to the childhood sexual abuse" until the summer of 2019. Therefore, under the provisions of Ark. Code Ann. §16-56-130(a), the allegations of the complaint are sufficient to survive Defendants' motions to dismiss.

Defendants' alternative request for relief is granted. Plaintiff has stated that she does not object to revealing her identity. She is directed to file an amended complaint including her identity and more specific dates for the allegations of her complaint.

The motions to dismiss filed by the District Defendants (Doc. No. 6) and Defendant Rich (Doc. NO. 10) are DENIED in part and GRANTED in part, as stated above. Plaintiff has ten days to file her amended complaint.

IT IS SO ORDERED this 25th day of January, 2022.

_____
UNITED STATES DISTRICT JUDGE